Diane H. v Bernard H. (2004 NY Slip Op 50318(U))

[*1]

 Diane H. v Bernard H.

2004 NY Slip Op 50318(U)

Decided on March 3, 2004

Family Court, Erie County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2004

Family Court, Erie County,
 DIANE H., Petitioner, -vs-
against
BERNARD H., Respondent.
Docket No. V-03922-03

ROSALIE S. BAILEY, J.
Petitioner, Diane H., seeks custody of Kimberly H., who is sixteen years old and the child of the parties. Diane and respondent, Bernard H., separated in July, 2000. Before that time, their residence was in the State of Indiana. After the separation, Bernard moved to Illinois, while Diane continued to reside with Kimberly and the parties' other children in Indiana. A divorce action was commenced in Indiana, and the parties were divorced in July, 2001. Their settlement agreement provided custody of the unemancipated children to Diane and established Bernard's visitation rights.
In May, 2002, Diane petitioned for, and was granted, permission by the Indiana Court to relocate, with Kimberly, to the State of New York. The order directed visitation for Bernard, to take place in Illinois. Bernard had also petitioned for a finding of contempt arising out of visitation disputes. In the same order, the Indiana court found both parties in contempt, but did not order any change in custody.
By order of the Indiana court dated September 25, 2002, Diane was again found in contempt for failure to comply with Bernard's visitation rights. However, the Court found that it was not in Kimberly's best interest to move her to Illinois to live with her father. By this time, neither the parties, nor the children, resided in Indiana.
Bernard filed another contempt petition in December, 2002, again alleging that he had been denied visitation. A hearing was scheduled for February 18, 2003. Diane asked for a continuance, but the request was denied and the Court entered an order by default on February 19, 2003. That order awarded custody to Bernard. The order made no provision for visitation by Diane.
On February 20, 2003, Bernard filed a petition in New York State in Family Court, Erie County, seeking enforcement of the Indiana order granting him custody. The same day, Diane filed a petition in Family Court, Erie County. She sought a modification of the Indiana Court's custody order, although which order she was referring to was ambiguous. She asked for suspension of Bernard's visitation, and such other relief as the Court might direct. Both petitions were heard by Judge Carter on February 21, 2003. Bernard's petition was granted, Judge Carter [*2]ordering that the February 19, 2003, Indiana order would continue in effect, thus requiring Diane to send Kimberly to Illinois to reside with her father. This was a final disposition of that petition. Judge Carter appointed a law guardian to represent Kimberly and adjourned Diane's petition for further proceedings on March 27, 2003. At that time, he granted her temporary visitation and adjourned the matter until June 3, 2003, for further proceedings.
Kimberly moved to Illinois with her father on February 21, 2003. On May 8, 2003, Judge Carter signed an order to show cause filed by the law guardian, directing Bernard to show cause why the February 19, 2003, order of the Indiana Court should not be denied enforcement and why custody should not be awarded to Diane. The case was then transferred to this Judge. A second order to show cause, also submitted by the law guardian, was granted on May 19, 2003, granting interim relief directing that Kimberly temporarily reside with Diane. These orders to show cause were based upon allegations of emotional abuse causing Kimberly to suffer depression, weight loss and thoughts of suicide. No new petitions were filed. The orders to show cause sought a temporary order, during the pendency of this case, changing custody.
On June 3, 2003, the parties appeared and the Court contacted the Indiana court to discuss the matter, pursuant to§76-e of the Domestic Relations Law. The Indiana court indicated that it would not decline jurisdiction. Enforcement proceedings were continuing in that court, which issued an order on June 2, 2003, directing that the child be returned to Bernard in Illinois. This Court, therefore, directed the parties to submit briefs on the question of whether or not it had jurisdiction and scheduled oral argument on June 16, 2003.
By order dated June 18, 2003, this Court partially granted the orders to show cause. It ruled that New York was Kimberly's home state and that this Court had jurisdiction to entertain Diane's custody petition. The order directed that temporary residence remain with Diane and that she had authority to enroll Kimberly in school and to make health and education decisions. The law guardian's demand for temporary custody was, implicitly, denied, and the case was set for trial on the petition seeking a modification of custody. A subsequent motion seeking, in effect, to reargue or renew, was denied by order dated October 2, 2003.
Bernard has now served another motion, on January 22, 2004, characterized as a motion to dismiss but again seeking to re-litigate the jurisdictional issues previously decided by this Court.
This case requires a determination of jurisdictional issues between this Court and the Indiana Court, which made the initial child custody determination. Jurisdiction is governed by Article 5-A of the Domestic Relations Law, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). This act is intended to resolve jurisdictional disputes that arise when custody proceedings are brought in New York and another forum, as has happened here.
Bernard has argued, and continues to argue, that by enforcing the Indiana Order Judge Carter finally decided the issue of which state's Courts have jurisdiction over custody proceedings. That is not true. Judge Carter ruled that the Indiana Court had jurisdiction to issue its February 19, 2003, order holding Diane in contempt and modifying its previous custody order. He did not rule on whether or not New York Courts had jurisdiction to modify the February 19, 2003, order. In fact, he adjourned Diane's petition for further proceedings. Although Bernard interprets his intention as being solely to consider Diane's visitation, no order so limited the issues and Diane's petition can certainly be interpreted as demanding relief beyond visitation.
The Indiana Court made the initial custody determination in this case at a time when [*3]Indiana was Kimberly's home state. It unquestionably had jurisdiction to make that determination. After that Court granted Diane permission to move to New York State with Kimberly, however, the home state, an important consideration under the UCCJEA, changed. According to Domestic Relations Law §76(1)(a), New York became the home state for Kimberly six months after she moved here. This fact, alone, would not be enough to vest jurisdiction in the New York State Courts. However, Bernard had already moved his residence from Indiana to Illinois by the time the Indiana Court granted permission for Kimberly's move. Once Diane and Kimberly moved to New York, none of the parties resided in Indiana.
Under §76-a(b) of the Domestic Relations Law, "exclusive continuing jurisdiction" to make custody determinations ends when it is decided by a court of either state that "the child, the child's parents and any person acting as a parent do not presently reside" in the state that made the initial custody determination. The fact that none of the Hirschbines reside in Indiana is undeniable. This Court made such a determination in its order of June 18, 2003. Thus, the Indiana Court no longer possesses exclusive, continuing jurisdiction.
Jurisdiction to modify custody determinations is governed by §76-b of the Domestic Relations Law. It provides that, except in emergency situations, "a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph (a) or (b) of subdivision one of section seventy-six of this title and: . . . [a] court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.
As discussed above, and ruled by this Court in June of last year, New York State was Kimberly's home state at the time Diane commenced this proceeding. She resided here from her initial move in June, 2002, until Judge Carter ordered her to be sent to Illinois with her father in February, 2003, a period in excess of the six months required by the statute. Indiana was not her home state when the decision transferring custody to Bernard was made. Her absence from this state between February and May of last year did not exceed six months so that, under the terms of §76(1)(a), her home state did not change to Illinois. Again, it is undisputed that none of the family members reside in Indiana, and none has since June, 2002. Thus, under the clear terms of §76-b, this Court has jurisdiction to modify the Indiana Court's custody determinations. It is not necessary for this Court to consider whether or not temporary emergency jurisdiction exists under §76-c.
The UCCJEA, as enacted in New York, also provides, in Domestic Relations Law §76-e, for conflicts between simultaneous proceedings in different states, as we have here. Subsection 3 of that statute provides this Court, which has before it a petition to modify an Indiana custody determination, three options regarding the enforcement procedure pending in Indiana. This Court may (a) stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement; (b) enjoin the parties from continuing with the proceeding for enforcement; or (c) proceed with the modification under conditions it considers appropriate.
As §76-e(3)(b) shows, a modification proceeding takes precedence over an enforcement proceeding. It should also be noted that Indiana, because it is not the residence of anyone involved in this case, is not exercising jurisdiction "in substantial conformity with" Article 5-A, as required for this Court to defer to its jurisdiction under §76-e. Indeed, this issue was recognized by the Indiana Court when Bernard appeared on his contempt proceeding. The [*4]transcript indicates that the Indiana Court was skeptical of the enforceability of its order transferring custody, since Kimberly resided in this state and Indiana no longer had any connection to the parties or the child. Nevertheless, when this Court contacted the Indiana Court pursuant to §76-e(2), it declined to relinquish jurisdiction. For the reasons stated above, this Court is not bound by that decision.
In his continued attempts to re-litigate the issue of jurisdiction, Bernard overlooks the importance of the fact that neither he, Diane, nor Kimberly reside in Indiana. This fact is key to determining jurisdiction and the relevant statutes clearly cite such a circumstance as ending the continuing exclusive jurisdiction of the Indiana Court. Compare, for example, S. Frederick P. v. Barbara P., 115 Misc.2d 332, 454 N.Y.S.2d 202 (Fam.Ct., Queens Cnty. 1982). In that case, similar facts existed, in that the mother had removed her children to New York State while there was a custody order in place from a Texas Court. Although the case was decided under the former Uniform Child Custody Jurisdiction Act, precursor to the UCCJEA, the relevant legal issues were the same. The Court in that case based its decision that it did not have jurisdiction on the fact that the father continued to reside in Texas. If Bernard continued to reside in Indiana, this Court's decision would certainly be different. But that is not the case.
Given all of the circumstances, this Court believes the best course of action is to enjoin Bernard from continuing enforcement proceedings in Indiana. The matter should be resolved in New York State based upon the issue of whether or not there has been a change in circumstances such that it is in the best interests of the child to change custody to Diane. No such consideration was included in the Indiana Court's decision transferring custody to Bernard on the basis of a default.
Trial has been scheduled in this case for April 7, 2004. The issue at that trial will be whether or not there has been a change of circumstances since the Indiana Court's order transferring custody, such that it is in the best interests of the child that custody be returned to Diane. The question of jurisdiction has been settled, on multiple occasions, and is the law of the case. The court will not expect further arguments or evidence regarding jurisdiction.
It is, therefore,
ORDERED, that Bernard's motion to dismiss is denied; and it is further
ORDERED, that the parties are enjoined from pursuing pending enforcement proceedings in the State of Indiana.
This constitutes the decision and order of this Court. Submission of an order by the parties is not necessary. The mailing of a copy of this Decision and Order by this Court shall not constitute notice of entry.
Dated:March 3, 2004
Buffalo, New YorkROSALIE S. BAILEY
Family Court Judge
[*5]
Decision Date: March 03, 2004